**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GEICO GENERAL INSURANCE COMPANY,

Plaintiff,

v. Case No: 6:25-cv-1361-PGB-LHP

DONALD B. FORBES, SUSAN L. FORBES, JACK B. FORBES, MEE KYUNG CHOI and NICOLAS GILLES KELLER,

Defendants

---

## ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Requests for Admission and Request for Production. Doc. No. 55. The Court does not require a response to rule on the motion. Upon consideration, the motion will be **DENIED**.

Discovery in this matter opened on or around November 17, 2025, and closed on August 3, 2026. Doc. Nos. 32, 33.[1] According to the motion, Plaintiff served

---

[1] The Court notes that the discovery period was actually approximately two months longer than the parties requested in their case management report. *See* Doc. No. 32, at 2.

Requests for Production ("RFPs") on Defendants Donald B. Forbes, Susan L. Forbes, and Jack B. Forbes (hereafter, "Defendants") on July 1, 2026, and Requests for Admission ("RFAs") on Defendants on July 1, 2026 or July 2, 2026. Doc. No. 55, at 1; *see* Doc. Nos. 55-1 through 55-4. Defendants responded on July 31, 2026. *Id.*

At 11:45 p.m. on the August 3, 2026 discovery deadline, Plaintiff filed the present motion, arguing that Defendants' responses are deficient. Doc. No. 55. As the motion makes clear, however, the parties have not conferred on this motion. *Id.* at 4. Plaintiff attempted to confer on the discovery deadline, but counsel for Defendants did not immediately respond. *Id.*

Upon consideration, the motion is due to be denied for at least three reasons. First, the Court finds the motion untimely filed after close of business at 11:45 p.m. on the last day of the discovery period. *See Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-cv-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline."); *see also Action Nissan, Inc., et al. v. Hyundai Motor America, et al.*, No. 6:18-cv-380-Orl-78EJK, Doc. No. 123 (M.D. Fla. Mar. 13, 2020) ("A motion to compel filed on the day that discovery closes . . . certainly does not allow sufficient time to resolve the matter prior to the close of discovery.").

Second, and relatedly, as the motion demonstrates, waiting until the last minute to serve the discovery,[2] and then moving to compel thereon on the discovery deadline, left Plaintiff insufficient time to conduct any conferral with Defendants prior to filing the motion. Discovery is now closed, and thus any subsequent conferral on the late-filed discovery motion will be insufficient to bring the motion within the discovery deadline previously established by the Court. *See* Doc. No. 33, at 2. *See also id.* at 6 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely 'attempt' to confer have not 'conferred.'").

Third, as to the RFAs served on July 2, 2026, the discovery is non-compliant with the Case Management and Scheduling Order ("CMSO"). The CMSO states, "Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline." Doc. No. 33, at 5. But with a service date of July 2, 2026, responses would be due by August 3, 2026. Fed. R. Civ. P. 33(a)(4); *see also* Fed. R. Civ. P. 6(a)(1)(C). Thus, these RFAs were noncompliant with the requirements of the CMSO, and a motion to compel thereon is not well taken.

---

[2] Plaintiff does not explain why it waited until the end of the discovery period to serve the discovery. Doc. No. 55.

For these reasons, Plaintiff's motion (Doc. No. 55) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 4, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties